UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY JOHNSON** | **CIVIL ACTION** |
| **versus** | **NO. 07-3783** |
| **JEFFERY E. TRAVIS, WARDEN** | **SECTION: "S" (3)** |

### REPORT AND RECOMMENDATION

Petitioner, Gregory Johnson, is a state prisoner incarcerated at the Rayburn Correctional Center (formerly known as the Washington Correctional Institute), Angie, Louisiana. On June 28, 2007, he filed the instant petition pursuant to 28 U.S.C. § 2241 challenging the manner in which his sentence is being executed.[1] On July 26, 2007, the matter was referred to the undersigned United States Magistrate Judge for a report and recommendation for disposition.[2] The state subsequently filed a motion for summary judgment,[3] which petitioner has opposed.[4] For the following reasons, **IT IS RECOMMENDED** that the motion for summary judgment be **GRANTED** and that petitioner's federal application be **DISMISSED WITHOUT PREJUDICE**.

---

[1] Rec. Doc. 1. "Section 2241 is correctly used to attack the manner in which a sentence is executed." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); see also Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995).

[2] Rec. Doc. 4.

[3] Rec. Doc. 11.

[4] Rec. Doc. 13.

In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

On February 1, 2002, petitioner pled guilty to possession of cocaine and was subsequently sentenced as a multiple offender to a term of seven years imprisonment. On March 26, 2002, he also pled guilty to possession with the intent to distribute cocaine and was sentenced to a term of seven years imprisonment. The trial judge ordered that petitioner's sentences run concurrently and recommended that he be placed in a prison boot camp and drug treatment program.[5]

On March 30, 2004, petitioner submitted to prison officials an administrative grievance claiming that he was wrongly incarcerated because the Department of Corrections had illegally revoked his parole due to his violation of a prison rule. On April 2, 2004, that grievance was denied. The denial stated:

> Your complaint has been reviewed and investigated. Most of your complaint is about the disciplinary proceeding against you. That will not be addressed in this ARP as there is a disciplinary appeal procedure in place for such matters.
> Concerning your parole, in order to be released on parole, the institution where you are housed MUST receive a certificate of Parole signed by a member of the Louisiana Parole Board. This facility has never received such a document and therefore can not release you on Parole.

---

[5] Rec. Doc. 11, Exhibit 3, minute entries dated February 1 and March 26, 2002.

> In addition, this facility does not have the authority to rescind your parole, only the Parole Board can take such action.
> The issue of release on Parole can only be addressed by the Louisiana Parole Board. Your requested remedy is denied.[6]

Dissatisfied with that response, petitioner filed an administrative appeal. On May 12, 2004, that appeal was denied. The denial stated:

> We have considered your statements in this matter. A qualified Headquarters staff member has closely reviewed your ARP to determine the validity of your claims, to assess this particular situation, and to issue a fair response.
> This will advise that your concerns were adequately addressed by the first step respondents at WCI. As Ms. Pigott stated, the DOC has no authority to release an inmate on parole. Until a parole release certificate is issued by the Louisiana Board of Parole, you nor any other inmate will be released from DOC custody on parole. You claim that due to disciplinary action, this department revoked your parole, which is a false statement. Again, if any parole is revoked, this is through the Board of Parole.
> This department has full authority to investigate any wrongful action committed by a person sentenced to serve hard labor, therefore the action taken at the disciplinary proceedings are well within the guidelines set forth in the rules and regulations for DOC inmates. You were informed that this department has an appeal process by which inmates are to utilize for such matters.
> We concur with the response you already received, and can therefore justify no further investigation into this matter. Administrative intervention is not forthcoming. Your relief request is hereby denied at the Headquarters level.[7]

Undeterred, petitioner then filed in the Louisiana Nineteenth Judicial District Court a Petition for Judicial Review challenging the denial of his administrative grievance. After holding oral argument, a commissioner of that court issued a report which stated in pertinent part:

---

[6] Rec. Doc. 11, Exhibit 2.

[7] Rec. Doc. 11, Exhibit 2.

The Petitioner was originally sentenced to 7 years in DOC with the recommendation of serving 6 months in the Impact Program (boot camp) and being released on parole for an additional 6 months, which if he successfully completed, he would have been entitled to full termination of his sentence. However, while on parole, he was arrested and charged with a new crime, which resulted in his revocation and being placed back in DOC custody. Thereafter, the actual criminal charges were dropped, but he was charged with a prison disciplinary violation and a disciplinary board found him guilty and he remains in the custody of the Department on his original 7-year sentence. He argues that he should be released from incarceration based on the Petitioner's contention that he because he was not prosecuted on the criminal charge, his parole should have been reinstated and completed his parole before he was charged with a disciplinary violation at a work release facility and returned to the custody of the Department at WCI. The record does not support those contentions. It contains neither any evidence that criminal charges were dropped and no evidence that parole was reinstated and/or completed. The Court notes that the burden of proof in the administrative record and this Court is on the Petitioner to show that he is entitled to the relief sought. He has failed to carry that burden.

The Department has denied any release, stating that he is presently serving his 7-year sentence because of his being rejected from the Impact (boot camp) program due to violations that caused him not to successfully complete his Impact program. Further the administration states correctly that there is no evidence in the record and none that it have seen that would show that the Petitioner is presently or should be presently on parole or released. The Petitioner states that a parole certificate was issued for his release, but that the Department has not honored that certificate. A review of the record does not show a certificate of parole or any evidence to support the Petitioner's claim that he is overdue for release. The Petitioner conceded that he did not have a copy of the parole certificate nor has he seen a parole certificate at any time, but that he was told that one existed. The Court explained that it is bound by the administrative record and that without proof that he is or should be on parole or overdue for release from parole, a review of the record requires this Court to affirm the Department's decision to hold him on the facially valid 7-year sentence.

Nevertheless, out of an abundance of caution, I recommend affirmation and dismissal without prejudice to allow the Petitioner to continue to try to prove his claim for release by whatever means are

>  still available to him through the Department or the Parole Board, if
>  any proof exists.[8]

On October 27, 2004, the state district court judge adopted that report and recommendation and dismissed the petition without prejudice.[9] Petitioner did not seek review of that judgment in the state appellate courts.[10] Rather, on June 28, 2007, he filed with this Court the instant federal application for *habeas corpus* relief pursuant 28 U.S.C. § 2241.

In the motion for summary judgment, the state argues that petitioner's application should be dismissed because he has not exhausted his state court remedies.[11] In his application, petitioner had argued that exhaustion is not required in proceedings brought pursuant to 28 U.S.C. § 2241.[12] He is incorrect.

The United States Fifth Circuit Court of Appeals has held that, although there is no statutory exhaustion requirement, jurisprudence clearly imposes such a requirement on persons bringing claims under § 2241. Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995).

---

[8] Rec. Doc. 11, Exhibit 3, Commissioner's Report, pp. 2-3.

[9] Rec. Doc. 11, Exhibit 3, Judgment.

[10] Rec. Doc. 11, Exhibit 1.

[11] Rec. Doc. 11.

[12] Rec. Doc. 1.

In this case, petitioner presented his claims in the administrative proceedings and in the petition he filed in the state district court. However, that is insufficient to constitute exhaustion. The Fifth Circuit has held:

> [A] claim is not exhausted unless the habeas petitioner provides the *highest state court* with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)) (emphasis added). Because petitioner did not first present his claims to the state's highest court, the Louisiana Supreme Court, and thereby give that court a "fair opportunity" to pass upon those claims, the claims are unexhausted and he is not entitled to proceed to federal court pursuant to § 2241.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the motion for summary judgment be **GRANTED** and that the petition for federal *habeas corpus* relief filed by Gregory Johnson be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

     New Orleans, Louisiana, this eighteenth day of September, 2007.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**